UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-489 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CHAJUAN MCDOWELL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Chajuan McDowell ("McDowell") for bond pending sentencing. (Doc. No. 20.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 21.) For the reasons that follow, McDowell's motion is DENIED.

I. **BACKGROUND**

McDowell was arrested on June 7, 2021 in connection with a federal complaint that was filed on May 26, 2021. (Doc. No. 1.) The government moved for pretrial detention, and on June 11, 2021, Magistrate Judge Thomas M. Parker conducted a detention hearing. (Minutes of proceedings [non-document], 6/11/2021.) On June 17, 2021, the magistrate judge issued an order of detention, finding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any person or the community. As bases for his ruling, the magistrate judge cited the weight of the evidence against McDowell; his prior criminal history; the fact that McDowell was alleged to have participated in criminal activity while on probation, parole, or supervision; McDowell's history of violence or use of weapons;

his history of alcohol or substance abuse; his lack of a stable residence; his prior failure to appear in court as ordered; one or more prior attempts to evade law enforcement; and McDowell's prior violations of probation, parole, or supervised release. (Doc. No. 9 at 2–3.) As a further reason, the magistrate judge noted that:

> [McDowell's] flight from police and efforts to escape even after [he was] removed from his vehicle demonstrated that he is not willing to comply [with] restrictions at this time.

(*Id*. at 3.)

On June 23, 2021, an indictment was returned charging McDowell with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 10.) Specifically, the indictment provided that McDowell possessed a semi-automatic pistol and ammunition, having been previously convicted of felonious assault and rape. (*Id*. ¶ 1.) On September 17, 2021, McDowell, without the benefit of a plea agreement, entered a plea of guilty to the solitary charge in the indictment. (Doc. No. 19 (Transcript of Change of Plea Hearing); *see* Minutes of proceedings [non-document], 9/17/2021.) At the conclusion of the hearing, the Court set sentencing for January 14, 2022.

**II. DISCUSSION**

On November 1, 2021, McDowell filed the present motion in which he moves the Court for bond pending sentencing, arguing "there are combinations of conditions that will ensure Mr. McDowell's appearance and the community's safety—specifically, home confinement with location monitoring, under his mother's supervision." (Doc. No. 20 at 1.) He asks that the Court consider releasing him on bond pending sentencing "so he can spend time with his seven-year-old daughter before he is sent away to the Bureau of Prisons." (*Id*. at 2.) He indicates that he

understands that he is facing significant time in prison and would like to the opportunity "to spend some time with his daughter [with whom he is 'very close'] and get his affairs in order." (*Id*.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions not applicable here. Under 18 U.S.C. § 3143(a)(1), the Court:

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 944 does not recommend a term of imprisonment, be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

McDowell has failed to demonstrate by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released. In connection with the underlying weapons offense, McDowell led police on a dangerous high-speed chase that ended in a near collision with a motorist whom McDowell attempted to carjack. As the magistrate noted, that incident clearly demonstrates that he has little regard for the safety of others. He also has a history of violent crimes, including rape and assault. (*See* Doc. No. 1 ¶ 1.) Additionally, the Court is far from convinced that McDowell will not flee. He now stands convicted of being a felon in possession. He concedes that he is facing "significant time in prison" and has a much higher incentive to flee than when he was first arrested. Accordingly, the Court finds that McDowell has failed to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community. He is, therefore, subject to detention under § 3143(a)(1).

Once detained in accordance with § 3143(a)(1), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

The Court does not find the existence of "exceptional reasons" for release. "Exceptional reasons" permitting the release of a defendant subject to detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). While the Court is sympathetic to McDowell's desire to spend time with his daughter and put his affairs in order before he is sent to prison, there is an absence of any precedent for concluding that such factors amount to exceptional circumstances under § 3145(c). *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013) (concluding that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd*, 626 F. App'x 610 (6th Cir. 2015); *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) (disruption of family due to incarceration not an exceptional circumstance) (collecting cases); *United States v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (defendant's close relationship with stepdaughter and stabilizing influence on wife were not exceptional circumstances).

Ultimately, the Court finds that McDowell has not satisfied his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the foregoing reasons, McDowell's motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: January 10, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**